Thomas Carlton **WANSLEY**, Appellant,

v.

**COMMONWEALTH OF VIRGINIA,**
Appellee (three cases).

**Nos. 10502, 10929, 10930.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 7, 1966.

Decided Oct. 31, 1966.

Philip J. Hirschkop, Alexandria, Va., and William M. Kunstler, New York City (Arthur Kinoy and Ruth Harvey, Danville, Va., on brief), for appellant.

Royston Jester, III, Commonwealth's Atty. for City of Lynchburg, Va. (Jester & Jester, Lynchburg, Va., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and BRYAN, Circuit Judges.

HAYNSWORTH, Chief Judge.

We agree that these three prosecutions on charges of two separate rapes and of robbery of one of the rape victims were properly remanded after their attempted removal from the state court to the district court under the provisions of 28 U.S.C.A. § 1443.

In 1963, Wansley, a Negro juvenile, was convicted of rape and robbery of a white woman. In a separate trial, he was convicted of the rape of a married woman of Japanese descent. In the latter case, his defense appears to have been a claim of consent to the sexual act, which he admitted. In the former case, he appears to have denied the identification by the prosecutrix of him as the perpetrator of the crimes.

Wansley's conviction of rape of the woman of Japanese descent was reversed on the ground that when the jury sought information as to the period of actual service which would be required in the event it imposed a life sentence,[1] the trial judge, while informing the jury that it was not its concern, disclosed too much about the powers of the parole board to conditionally release prisoners serving life sentences. The Court was of the opinion that the jury's imposition of the death sentence was a direct product of those instructions.[2] The convictions of the rape and robbery of the other victim were also reversed.[3] While the proceedings at that trial had been electronically recorded, the trial court had denied a motion for a continuance to enable a court reporter to be present and record the proceedings stenographically. Shortly after the trial, the defense lawyer died, foreclosing the possibility of an agreed statement under Virginia's practice. Under those circumstances, the Supreme Court of Appeals of Virginia held that the denial of the motion for a continuance was prejudicial error, since there was no official transcript of the trial nor an acceptable substitute upon which adequate appellate review could be had.

Thereafter, Wansley was brought to trial again upon the robbery charge, but a mistrial was declared when the jury was unable to agree.

Still later, by agreement of counsel, his trial on the related rape charge, the one in which the prosecutrix was also the rob-

1. In Virginia, the jury determines the sentence.

2. Wansley v. Commonwealth, 205 Va. 412, 137 S.E.2d 865 (1964).

3. Wansley v. Commonwealth, 205 Va. 419, 137 S.E.2d 870 (1964).

bery victim, was scheduled. For the purposes of that trial, defense counsel requested a transcript of the robbery trial, together with transcripts of a number of proceedings on pretrial motions. Because of illness of the court reporter, there was some delay in delivery of the trial transcript, and, on the eve of the scheduled rape trial, transcripts of the pretrial proceedings had not been received.[4]

On the weekend preceding the scheduled date for commencement of the rape trial, defense counsel prepared a removal petition and sent it to a lawyer in Danville, Virginia, with instructions to file it in the District Court in Lynchburg, Virginia, on Monday morning. She did that, after which she reported to the state trial court that defense counsel would not be present that day. Meanwhile, however, the case had been called in the state court. The Judge, the defendant, the Commonwealth's attorney, with his witnesses, and a jury venire were all present, but the defense lawyers were not. The court was recessed while efforts were made to locate the defense lawyers. Such inquiries were underway when the lawyer arrived to report the removal of the case to the District Court and the fact that defense counsel would not appear that day.

Subsequently, Wansley's Virginia attorney was held by the state court in contempt for failure to appear at the opening of court on the date scheduled for the trial of the rape case. Sentence was suspended, however, upon condition that the lawyer thereafter conduct himself in that court with decorum. This requirement, the lawyer says, is so vague that he is fearful of a further appearance in the state court and, for that reason, will not participate in the retrial of any of the cases in the state court.

Wansley's principal counsel is a New York lawyer who is under no such injunction. He can obtain other Virginia lawyers to assist him.

Promptly after removal of the one rape case on the day of its scheduled trial, the District Court entered an order remanding it to the state court. We stayed that order pending an appeal. Meanwhile, the related robbery case and the unrelated rape case were also removed and remanded. Appeals from all three remand orders are now before us.

Wansley's principal reliance in his efforts to show a right of removal under 28 U.S.C.A. § 1443(1) is upon a conclusory allegation of "systematic inclusion and/or exclusion of Negroes" from the grand and petit juries and upon the undisputed fact of denial of bail in the state court. These claims are buttressed by a number of others, including the delay in receipt of the transcript of the second robbery trial, the failure to receive the transcripts of the proceedings on the pretrial motions, the denial of pretrial motions, adverse publicity directed both to Wansley and his lawyers, a conclusory claim of hostility on the part of the court toward Wansley, a claim of racial discrimination in the selection of court supporting personnel, and asserted unconstitutionality of the rape statute insofar as it permits a jury to impose the death sentence, that penalty being said to be a cruel and unusual punishment for that offense and imposed in practice by juries only upon Negroes. Those allegations are supplemented by the post-removal claim of local counsel's disinclination to participate further in proceedings in the state court while under the general injunction to conduct himself with decorum.

These allegations do not warrant removal of these cases under 28 U.S.C.A.

---

4. It does not appear on this record why the transcripts of the pretrial proceedings were thought necessary or useful in the defense of the rape charge, though, in a conclusory way, counsel asserts that they were. The pretrial proceedings were had on several motions, including a motion to integrate the jail, which was granted in a formal order, and motions for bail, for leave to interview the prosecutrices, take their depositions and obtain psychiatric examinations of them, to obtain the production of evidence and a bill of particulars, to suppress evidence, to disqualify the judge, to quash the indictments and for a change of venue, all of which, it is said, were substantially denied.

§ 1443. The result here is clearly controlled by City of Greenwood v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944, Baines v. City of Danville, 384 U.S. 890, 86 S.Ct. 1915, 16 L.Ed.2d 996, affg. Baines v. City of Danville, 4 Cir., 357 F. 2d 756, and Wallace v. Virginia, 384 U.S. 891, 86 S.Ct. 1916, 16 L.Ed.2d 996, affg. Commonwealth of Virginia v. Wallace, 4 Cir., 357 F.2d 105.

State of Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925, permits removal when the petition alleges and the District Court finds that a federal statute providing for equal civil rights protects the conduct giving rise to the state court charge and prohibits the prosecution of persons engaging in such conduct. No such allegation is contained in these petitions and, one could not be made, for there is no general federal restraint upon state prosecutions for rape or for robbery.

There is no claim of any state statute or decision of the Supreme Court of Appeals of Virginia which would be expected to be applied in the state trial court in deprivation of any constitutional right of Wansley's. In short, the petitions fail to show that Wansley will be denied or cannot enforce any federally guaranteed right in the state court within the meaning of § 1443(1), as recently interpreted in the *Peacock* and *Rachel* cases.

While Wansley complains of denial of certain pretrial motions in the state court, the general course of the prior proceedings indicates a proper concern for the protection of Wansley's rights in Virginia's courts. This is clearly evident in the two opinions of Virginia's Supreme Court of Appeals reversing the original convictions. Our role, however, is not to try the state courts or their prospective capacity for fairness or unfairness. The state court prosecutions are not removable to the federal courts under § 1443, though, if in the state court trial there should be some deprivation of any of Wansley's constitutional rights which is

uncorrected on appeal, he may ultimately have a right to review of the federal questions in the federal courts through a petition for habeas corpus. Meanwhile, his rights can be asserted only in the state forum.

Affirmed.