The PEOPLE of the STATE OF CALI-
FORNIA, Plaintiff-Appellee,

v.

Frank Joseph SANDOVAL and James
Vigil, Defendants-Petitioners-
Appellants,

v.

The CITY OF LOS ANGELES, a Muni-
cipal Corporation, Roger Arnebergh,
City Attorney thereof, Edward Davis,
Chief of Police thereof, Collier McDer-
mon, John Doe I to X inclusive, and
Municipal Court of Los Angeles Judicial
District, the Hon. Judge David I. Aisen-
son, Respondents-Appellees.

No. 25781.

United States Court of Appeals,
Ninth Circuit.

Nov. 20, 1970.

Rehearing Denied Feb. 5, 1971.

Manuel Ruiz (argued), Los Angeles, Cal., for appellant.

Howard Fox (argued), Deputy City Atty., Roger Arnebergh, City Atty., Philip E. Grey, Asst. City Atty., Los Angeles, Cal., for appellee.

Before BARNES, HUFSTEDLER and TRASK, Circuit Judges.

PER CURIAM:

Appellants, Frank Joseph Sandoval and James Vigil, seek reversal of an order of the district court denying their petition to remove a state criminal prosecution against them pursuant to 28 U.S.C. § 1443.

Appellants were guests at a formal banquet that was part of a program sponsored by the California Department of Education to discuss the problems of Mexican-American education. Governor Reagan of California was the featured speaker; his address displeased appellants and several others present. To protest the speech, this group rose and began a rhythmic clapping, eventually forcing the governor prematurely to terminate his address. A citizen's arrest of appellants was made, and complaints were filed alleging that appellants had violated California Penal Code, §§ 403 (disturbing a public assembly) and 415 (disturbing the peace).

Appellants petitioned the district court, seeking removal of the state prose-

cution under 28 U.S.C. § 1443. Appellee moved to remand the case to the state court pursuant to 28 U.S.C. § 1447, and the court granted the motion. This appeal followed.

 Section 1443 gives a right of removal to, among others, certain petitioners who claim federally secured rights as a defense to a state prosecution.[1] The Supreme Court, however, has given section 1443 a restrictive interpretation. In two related cases in 1966, Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925, and Greenwood v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944, the Court set out the narrow parameters of this right. All petitions for removal must satisfy two criteria: First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights. (Georgia v. Rachel, *supra* at 788–792, 86 S.Ct. 1788–1790; Greenwood v. Peacock, *supra* at 824–827, 86 S.Ct. at 1810–1812.) Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights. Bad experiences with the particular court in question will not suffice. (Georgia v. Rachel, *supra* at 794–804, 86 S.Ct. at 1791–1797; Greenwood v. Peacock, *supra* at 827–828, 86 S.Ct. at 1812–1813.)

■ Appellants have not met either of these criteria. Despite their ingenious effort to attack the state prosecution in terms of the Civil Rights Act of 1964, it is clear that the rights that they assert spring, not from specific statutory grants, but from the broad protections of the First and Fourteenth Amendments. Such rights are not within the coverage of section 1443. (Georgia v. Rachel, *supra*, at 788–792, 86 S.Ct. at 1788–1790; Greenwood v. Peacock, *supra* at 825, 86 S.Ct. at 1811.) Nor can appellants point to any enactment of California state law that supports the inference that what rights they have will not be heard fully and fairly in the courts of that state.

The order is affirmed.

---

1. The full text of § 1443 is as follows:

"Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

"(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

"(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law."