Golden **FRINKS** et al., Petitioners,

v.

**STATE OF NORTH CAROLINA,**
Respondent.

No. 7188–CR.

United States District Court,
E. D. North Carolina,
Wilmington Division.

Oct. 29, 1971.

James E. Keenan, Paul & Keenan, Greenville, N. C., for petitioners.

W. Allen Cobb, Sol., 5th Judicial Dist., Wilmington, N. C., for respondent.

**170**

## ORDER

BUTLER, Chief Judge.

Each of the petitioners was arrested on or about June 10, 1971, and charged in the General Court of Justice of New Hanover County with violations of the North Carolina anti-riot statute. Prior to trial in the state court they filed a petition for removal under 28 U.S.C. § 1443(1) in the United States District Court for the Eastern District of North Carolina.

The North Carolina General Statute § 14–288.2 reads in pertinent part: "(a) A riot is a public disturbance involving an assemblage of three or more persons which by disorderly and violent conduct, or the imminent threat of disorderly and violent conduct, results in injury or damage to persons or property * * *. (d) Any person who wilfully incites or urges another to engage in a riot, so that as a result of such inciting or urging a riot occurs or a clear and present danger of a riot is created, is guilty of a misdemeanor * * *." Petitioners Frinks, Murray and Henry were charged in separate warrants with engaging in a riot at Piece Goods Shop, Azalea Shopping Center, Wilmington, North Carolina, and at J. M. Fields, 3709 Oleander Drive, Wilmington, North Carolina, which "involved some twenty persons entering said business and throwing merchandise on the floor, and turning over merchandise racks." Petitioner Frinks is charged in separate warrants with inciting a riot at Piece Goods Shop, Azalea Shopping Center, and J. M. Fields, 3709 Oleander Drive, which "involved the said persons led by the said defendant, entering the said business and throwing merchandise on the floor and turning over merchandise racks. As the result of the urging and planning of the defendant, the riot occurred."

The petitioners allege in their petition for removal that "(t)he presence of petitioners on the premises of the Piece Goods Shop or J. M. Fields, if petitioners have ever been so present, has been peaceful and without acts in violation of the laws of the State of North Carolina * * *." Petitioners allege that they were exercising or attempting to exercise their rights under Section 201 of Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a(a) which reads: "All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin." Further, petitioners allege that the "arrest(s) and attempted prosecutions * * * is (sic) an attempt to punish petitioners for the exercise or attempt to exercise a right and privilege secured by Section 201 of Title II of the 1964 Civil Rights Act, 42 United ed States Code, Section 2000a(a), and accordingly is specifically prohibited by Section 203 of Title II of the 1964 Civil Rights Act, 42 U.S.C. § 2000a–2(c)." That subsection reads: "No person shall * * * (c) punish or attempt to punish any person for exercising or attempting to exercise any right or privilege secured by section 2000a or 2000a–1 of this title."

The State of North Carolina has moved to remand the cases to the state courts.

██ A person is entitled to removal of a state prosecution to the United States courts if a right phrased in terms of racial equality will be denied him or rendered unenforceable in the state court. The denial of equal rights must take place in the state court and the denial must be manifest in a formal expression of state law. It must also be clearly predictable that equal rights will be denied or rendered unenforceable in order for removal to be available. State of Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966); City of Greenwood, Mississippi v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966). The denial must result from the operation of a pervasive and explicit state or federal *law*. That the law might be selectively enforced

against the petitioner by certain officers is not a sufficient allegation under § 1443(1). Virginia v. Jones, 367 F.2d 154 (4th Cir. 1966).

■ Title 42 U.S.C. § 2000a provides for equal civil rights in terms of racial equality. Thus the right which the section guarantees enables citizens to assert the right with immunity from state prosecution. It is clear, however, that only non-violent attempts to gain admittance to places of public accommodations defined by § 2000a are immunized. Hamm v. City of Rock Hill, 379 U.S. 306, 85 S.Ct. 384, 13 L.Ed.2d 300 (1964). "It has been the uniform holding or assumption of all of the cases in the lower courts that the Civil Rights Acts extend their protections only to peaceful conduct." South Carolina v. Moore, 447 F.2d 1067, p. 1071 (4th Cir. 1971).

■ The precise question for determination by the court is whether defendants, charged with inciting and/or engaging in a riot, who allege in their petition that they were peaceably exercising their rights to public accommodations are entitled to have their cases removed under 28 U.S.C. § 1443(1). The Fourth Circuit has recently reiterated that removal "is limited to cases in which the charged conduct *clearly* enjoys federal protection." South Carolina v. Moore, *supra*, 447 F.2d p. 1070.

The facts in the *Rachel* case, in which removal was allowed, were markedly dissimilar to the case at bar. There, the petitioners entered a private restaurant and sought service. Service was refused them and the petitioners were requested to leave. They refused to do so. They were arrested and charged with the crime of "Refusal to leave premises of another when ordered to do so by owner or person in charge." Ga.Code Ann. § 26–3005 (1965 Cum. Supp.). The Supreme Court, citing Hamm v. City of Rock Hill, *supra,* held that the Civil Rights Act had immunized the very conduct with which the petitioners had been charged. Congress had substituted a

right for a crime. Hamm v. City of Rock Hill, *supra.* In the case now before the court, petitioners are charged with committing acts which are clearly not protected by any Federal Civil Rights Act. *Peacock* assumes that federal rights will be enforced in the state courts "except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." 384 U.S. at 828, 86 S.Ct. at 1812. Here, petitioners risk punishment only if it be found beyond a reasonable doubt that they did the acts charged in the warrants.

Judge Godbold, concurring in part, dissenting in part, in Achtenberg v. Mississippi, 393 F.2d 468, 477 (5th Cir. 1968) states:

Criminal charges are not removable on the ground they are baseless and made to punish and deter exercise of protected rights. Charges are removable if quantitatively and qualitatively they involve conduct coterminous with activity protected under the Civil Rights Act, i. e., "substitution of right for crime."

In *Peacock* the Supreme Court has directed the Federal courts away from making factual inquiries approaching that of trial of the merits as an incident of determining removability.

In North Carolina v. Hawkins, 365 F. 2d 559 (4 Cir. 1966), cert. den. 385 U.S. 949, 87 S.Ct. 322, 17 L.Ed.2d 227, Chief Judge Haynsworth, speaking for the Fourth Circuit Court of Appeals, upheld an order of remand by the district court, noting that the allegations in the petition were in contradiction of the specific charges of the indictment. Judge Sobeloff concurred, but "not on the ground * * * that the allegations of the petitioner are 'in contradiction of the specific charges of the indictment.' The test of removability is the content of the petition, not the characterization given the conduct in question by the prosecutor." If the concurring opinion represented a

minority view on that point, then it is reasonable to conclude that the Fourth Circuit Court of Appeals considers such a contradiction between the petition and indictment of some significance. A warrant is not merely a "characterization" of conduct by the prosecutor. It is more than that: it frames the issues of the case and specifies the conduct which the state seeks to punish. By so doing it effectively determines what rights of the petitioner might be affected.

New York v. Davis, 411 F.2d 750 (2d Cir. 1969) points out plainly that the line is drawn "between prosecutions in which the conduct necessary to constitute the state offense is specifically protected by a federal equal rights statute under the circumstances alleged by the petitioner, and prosecutions where the only grounds for removal are that the charge is false and motivated by a desire to discourage the petitioner from exercising or to penalize him for having exercised a federal right. * * * To apply this distinction requires the court to scrutinize the state criminal statute and the charge thereunder as well as the factual allegations in the removal petition * * *."

The Ninth Circuit, in California v. Sandoval, 434 F.2d 635 (1970), has stated that in order for removal to be available, the petitioner must assert as a defense to the prosecution rights given them by the federal statute protecting racial civil rights. The petitioner must also allege that the state courts will not enforce the right and the allegation must be supported by reference to a state statute or constitutional provision that purports to command the state courts to ignore the federal right. It cannot be seriously contended that the right to seek service in a public accommodation is a defense to a charge of violent and riotous conduct.

Petitioners allege that the State is using unconstitutional statutes or constitutional statutes in an unconstitutional manner to deprive them, and other Negroes, of their civil rights. Petitioners, admitting that they are being prosecuted for inciting and engaging in a riot, allege that such prosecutions are forbidden. But there is no federal law restraining prosecutions for riot. See Wansley v. Virginia, 368 F.2d 71 (4th Cir. 1966). Presented with similar allegations referring to an anti-picket injunction in Baines v. City of Danville, 357 F.2d 756 (4th Cir. 1966) aff'd 384 U.S. 890, 86 S.Ct. 1915, 16 L.Ed.2d 996, the court said: "Neither does the contention that the injunction is unconstitutional facially or as applied warrant removal. The injunction is not obviously facially unconstitutional as applied to actual rioters. The constitutional question, if it arises, would come out of its application. Of course, it would be unconstitutional if it became the basis of a conviction of a peaceful man whose conduct was within the protection of the first amendment. This cannot be known until the cases are tried." The court then concludes that such factual inquiries should not be held since removability turns upon an obvious and predictable denial by the state court.

The court is satisfied that the cases at bar should be remanded to the state court. While the petitioners arguably had a right to be where they were, they had no right to commit violent acts there, nor did petitioner Frinks have the right to wilfully incite others to disorderly and violent conduct resulting in damage to property. The elements of the charges in this case are a public disturbance involving an assemblage of three or more persons which by disorderly and violent conduct, or the imminent threat thereof, results in injury or damage; and the wilful incitation to such acts. The prosecution is directed not at their presence in the store but at their conduct in the store. The Civil Rights Act is no defense to the charges, and if petitioners are found not guilty it will be because they did not commit the acts alleged, not because their acts were protected.

■ The Fifth Circuit has held that an evidentiary hearing is required when the petition alleges peaceable exercise of

protected conduct, regardless of the charges. This well-pleaded-petition approach precludes consideration by the court of the warrant or indictment or the statute. This approach to removal has been rejected by the Ninth Circuit and the Second Circuit. The Fourth Circuit has specifically reserved decision on the point, but this court is of the opinion that the approach adopted by the Fifth Circuit is not required by the Supreme Court decisions. Indeed it would seem that the cases abjure such a ready intrusion into the state judicial system. Where the issue of removability is determined solely by whether or not an acknowledged right was violently exercised, this court is not persuaded that it is more competent to determine that issue of fact than a state court. If petitioners are to prevail, whether in the state court or in this court, it will be because there is reasonable doubt that they did the acts charged, i. e., engaged in rioting or inciting to riot. "Who among the petitioners, if any of them, were rioters cannot be known until there has been a factual hearing in every case. This is not the sort of inquiry which ought to be required as an incident of determining removability. If removability does not readily appear without a factual inquiry tantamount to a trial on the merits, removal should not be allowed." Baines v. City of Danville, Virginia, 357 F.2d 756, 765 (4th Cir. 1966). Affirmed on the authority of *Peacock*, 384 U.S. 890, 86 S.Ct. 1915, 16 L.Ed.2d 996.

Removal is not required simply by reason of an artfully drafted petition. Nor is an evidentiary hearing required because the petition alleges a peaceful exercise of civil rights. While recognizing that there is support for the latter view in the Fifth Circuit cases, the court is of the opinion that such an approach to removal is not necessitated by the statute and indeed is not fully accepted in that circuit. See Achtenberg v. Mississippi, 393 F.2d 468, 475 (5th Cir. 1968) (Godbold, J., concurring in part and dissenting in part) and Wyche v. Hester, 431 F.2d 791, 798 (5th Cir. 1970) (Coleman, J., dissenting). The holding of an evidentiary hearing every time a well-pleaded petition for removal is filed would consume the time of the federal courts, and cause delay in the expeditious rendering of state criminal justice.

It is the opinion of the court that a hearing upon the petition to remove would not be in the interests of justice and would unnecessarily add another federal procedure, violative of comity, to an already overloaded system. Now, therefore,

It is ordered that the instant cases be, and the same are hereby, remanded to the state courts for proper disposition.