**PEOPLE OF the STATE OF CALIFORNIA, First Doe—One Hundred Does, etc., et al., Plaintiffs-Appellees,**

v.

**Jesse W. TOLEFREE, Defendant-Appellant.**

**No. 71-2692.**

United States Court of Appeals, Ninth Circuit.

April 19, 1972.

Jesse W. Tolefree, in pro per.

Evelle J. Younger, Atty. Gen., Herbert F. Wilkinson, John T. Murphy, Deputy Attys. Gen., Herbert Ashby, Chief, Asst. Atty. Gen., Doris H. Maier, Asst. Atty. Gen., San Francisco, Cal., for plaintiffs-appellees.

Before HAMLEY, MERRILL and TRASK, Circuit Judges.

PER CURIAM:

Jesse W. Tolefree filed a petition in the district court for removal of a criminal prosecution from state court to federal court pursuant to 28 U.S.C. § 1443.[1]

---

1. The pertinent provisions of 28 U.S.C. § 1443 are as follows:

"Any of the following . . . criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

"(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law

The petition was denied and he appeals. We affirm.

Upon examination of the petition the district court indicated its disposition to dismiss the petition and remand the action to the state court. Pursuant to Potter v. McCall, 433 F.2d 1087 (9th Cir. 1970), the petitioner was notified of the court's proposed action and given 21 days to present arguments in opposition.

Within the time allowed, petitioner did file written arguments. He asserted that he was lawfully using an interstate highway when he was stopped and interrogated at length on a public street; that the window on his automobile was broken, he was dragged from the car and taken to jail unlawfully. Thereafter he was tried *"in absentia"* by a municipal court, found guilty and sentenced to jail. When he returned to the state three years later, he was arrested, but obtained no relief in the superior court and thus sought removal to the federal court. He asked an injunction against the enforcement of the pertinent state statutes and that a three judge court be convened. The district court denied the petition as supplemented by written argument, for failure to state a basis for removal under Section 1443.

Section 1443(1) entitles the petitioner to remove this prosecution to the federal court only if he shows (1) that the right upon which he relies is "a right under any law providing for . . . equal civil rights . . . [,] " stated in terms of racial equality; and (2) that he is "denied or cannot enforce . . . " that right in the state court, because of a specific state statute or state constitutional provision mandating that it be ignored. Greenwood v. Peacock, 384 U.S. 808, 826, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966); Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966); People v. Sandoval, 434 F.2d 635 (9th Cir. 1970). Petitioner's charges fell far

short of the first requirement and missed the second altogether. Furthermore, the court should not interfere by injunction with a single state court prosecution in progress with no showing of harassment or persecution. Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); Perez v. Ledesma, 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971).

Judgment affirmed.

---

providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof; . . . "