977 F.2d 589
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lisa A. JOHNSON, D.D.S., Plaintiff-Appellant,
v.
HILLSIDE HOMES GROUPS, INC., a California Corporation, as
General Partner of Symat Hillside Homes, a
California General Partnership,
Defendant-Appellee.
 No. 91-16491.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1992.*
Decided Oct. 1, 1992.
 
 MEMORANDUM**
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 Johnson appeals the district court's denial of her petition to remove a state civil action pursuant to 28 U.S.C. § 1443. We have jurisdiction pursuant to 28 U.S.C. § 1447(e), and we affirm.
 
 
 2
 Johnson is both defendant and plaintiff in various proceedings in the Appellate Division of the Superior Court for Contra Costa County, California. The state civil proceedings involve an ongoing dispute between Johnson and her former landlord, Hillside Homes Group, Inc., appellees in this proceeding.
 
 
 3
 Johnson alleges that her federal right to fair housing, guaranteed by 42 U.S.C. §§ 3602(f), 3604(b), has been violated, and that she cannot enforce her fair housing right in state court. "[P]etitioners [for removal under 28 U.S.C. § 1443] must assert ... rights that are given to them by explicit statutory enactment protecting equal racial civil rights." California v. Sandoval, 434 F.2d 635, 636 (9th Cir.1970), citing Georgia v. Rachel, 384 U.S. 780, 788-92 (1966); Greenwood v. Peacock, 384 U.S. 808, 824-27 (1966). The fair housing provisions of Title 42 of the United States Code, which prohibit discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin," 42 U.S.C. § 3604(b), are such explicit statutory enactments. Johnson thus satisfies the first prong of the test for removal jurisdiction under 28 U.S.C. § 1443.
 
 
 4
 Nevertheless, Johnson has not alleged any "state statute or ... constitutional provision that purports to command the state courts to ignore federal rights." Sandoval, 434 F.2d at 636. Indeed, in her brief, Johnson concedes that "the laws of the State of California are clear with respect to Real Estate and Landlord tenant [sic] issues." Nor have we found any provision of California law denigrating Johnson's federal housing rights. Instead, Johnson charges that numerous adverse rulings in state court were motivated by "bias in favor of a White Landholder" on the part of the state judges. Yet Johnson alleges no facts in support of these allegations, other than the rulings themselves. As we opined in Sandoval, "[b]ad experiences with the particular court in question will not suffice" to support jurisdiction under 28 U.S.C. § 1443.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Johnson's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3