5 F.3d 541
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America,d Plaintiff-Appellee,
v.
Gary CARSON, Defendant-Appellant.
 No. 92-37020.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 1, 1993.*
Decided Sept. 13, 1993.
 
 Appeal from the United States District Court for the District of Oregon, No. CV-92-01142-REJ; Robert E. Jones, District Judge, Presiding.
 D.Or.
 AFFIRMED.
 Before: FLETCHER, POOLE, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gary Carson appeals pro se the district court's denial of his petition to remove a state prosecution for a traffic violation from Carlton, Oregon Municipal Court to federal district court pursuant to 28 U.S.C. Sec. 1443. We have jurisdiction to hear this appeal pursuant to 28 U.S.C. Secs. 1291, 1447(d). See Ferrari, Alravez, Olsen & Ottoboni v. Home Ins. Co., 940 F.2d 550, 553-55 (9th Cir.1991). We review de novo, see Westinghouse Elec. Corp. v. Newman & Holtzinger, P.C., 992 F.2d 932, 934 (9th Cir.1993), and we affirm.
 
 
 3
 Section 1443 provides that a defendant may remove any of the following actions to federal district court:
 
 
 4
 (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
 
 
 5
 (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.
 
 
 6
 All petitions for removal must assert: (1) as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights, and (2) failure of the state courts to enforce these rights, evidenced by reference to a state statute or constitutional provision that purports to command the state courts to ignore the federal rights. California v. Sandoval, 434 F.2d 635, 636 (9th Cir.1970) (per curiam), cert. denied, 402 U.S. 909 (1971).
 
 
 7
 Carson was issued a citation for a speeding violation. He plead not guilty and requested a trial. He then moved to dismiss because no indictment was filed within thirty days. See Or.Rev.Stat. Sec. 135.745. Carson's motion was denied, and his fine was increased because he had failed to appear in court by the designated trial date. Carson then filed a petition for removal alleging that he was denied, and could not enforce in the courts of Oregon, his right to equal protection of the law under the fourteenth amendment based on his African heritage and color.
 
 
 8
 The district court correctly denied Carson's petition. Carson's speeding violation is clearly a matter within the jurisdiction of the state courts, and Carson did not allege sufficient facts to meet either prong of the test for removal under section 1443. See Sandoval, 434 F.2d at 636.
 
 
 9
 AFFIRMED.
 
 
 
 d
 It appears that the real party in interest in this case is the Municipal Court of the City of Carlton, Yamhill County, Oregon
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3