46 F.3d 1145
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
The STATE OF ARIZONA, Plaintiff-Appellee,
v.
John L. MABSON; Defendant-Appellant,
E-Z8 Motels, Inc., Florence Ammon, Manager, engaged in
Interstate Commerce pursuant to Title II Secs.
201(a)(b)(c)(d), 202, Civil Rights Act
of 1964 as amended, Real Party
in Interest.
 No. 93-10742.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 11, 1995.*
Decided: Jan. 19, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John L. Mabson appeals pro se the district court's order remanding a state prosecution for criminal trespass to state court following Mabson's petition of removal pursuant to 28 U.S.C. Sec. 1443. We have jurisdiction pursuant to 28 U.S.C. Secs. 1291, 1447(d). Ferrari, Alravez, Olsen & Ottoboni v. Home Ins. Co., 940 F.2d 550, 553-55 (9th Cir. 1991). We review de novo, Westinghouse Elec. Corp. v. Newman & Holtzinger, P.C., 992 F.2d 932, 934 (9th Cir. 1993), and we affirm.
 
 
 3
 A petition for removal pursuant to 28 U.S.C. Sec. 1443 must satisfy two criteria:
 
 
 4
 First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights. Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights.
 
 
 5
 California v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970) (per curiam), cert. denied, 402 U.S. 909 (1971) (citations omitted).[1]
 
 
 6
 Here, Mabson alleged that his arrest and prosecution were based on his African heritage and color and that removal is proper because the state court trial judge refused to permit Mabson to raise this defense. Mabson, however, failed to allege any "state statute or a constitutional provision that purports to command that state courts to ignore federal rights." See Sandoval, 434 F.2d at 636. Accordingly, the district court properly denied Mabson's petition for removal. See id.[2]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Section 1443 provides that a defendant may remove any of the following actions to federal district court:
 (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
 (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.
 28 U.S.C. Sec. 1443.
 
 
 [2]
 Appellant's motion to file an oversized reply brief is granted. The reply brief received on October 31, 1994 is deemed filed. Appellant's motion for sanctions is denied