**State of HAWAII, Plaintiff—Appellee,**

v.

**Anakura JIM, Defendant—Appellant.**

**No. 01–16385.**

**D.C. No. CV–00–00745–HG.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 11, 2002.*

Decided Feb. 22, 2002.

cation and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Before B. FLETCHER, T.G. NELSON, and TALLMAN, Circuit Judges.

MEMORANDUM **

Anakura Jim appeals pro se the district court's order remanding her removed action to state court for lack of federal subject matter jurisdiction. Jim removed her prosecution for various traffic violations pursuant to 28 U.S.C. § 1443(1). We have jurisdiction pursuant to 28 U.S.C. § 1447(d). We review de novo, *Nebraska ex rel. Dep't of Soc. Servs. v. Bentson,* 146 F.3d 676, 678 (9th Cir.1998), and we affirm.

"Section 1443 gives a right of removal to, among others, certain petitioners who claim federally secured rights as a defense to a state prosecution." *California v. Sandoval,* 434 F.2d 635, 636 (9th Cir.1971) (per curiam). "All petitions for removal must satisfy two criteria: first, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights. Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights. Bad experiences with the particular court in question will not suffice." *Id.* (internal quotations omitted).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jim's petition failed to address how the Hawaiian Homes Commission Act of 1920, or the Admissions Act of 1959, explicitly affords her a defense as a Native Hawaiian from citation for automobile-related infractions, and failed to indicate which state law or constitutional provision commands the State of Hawaii to ignore her federal rights. Thus, the district court properly remanded this matter to state court. *See id.*

Jim's remaining contentions lack merit.

**AFFIRMED.**

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.