**State of HAWAII Plaintiff–Appellee,**

v.

**Norman K. MACOMBER, Defendant–Appellant.**

**No. 01–17296.**

**D.C. No. CV–01–00659–SOM.**

United States Court of Appeals, Ninth Circuit.

Submitted June 10, 2002.*

Decided June 14, 2002.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before O'SCANNLAIN, BERZON, and RAWLINSON, Circuit Judges.

## MEMORANDUM **

Norman Macomber appeals *pro se* the district court's *sua sponte* order remanding his action to state court for lack of federal subject matter jurisdiction. Because Macomber removed the criminal action against him pursuant to 28 U.S.C. § 1443(1), we have jurisdiction to review the remand order pursuant to 28 U.S.C. § 1447(d). We review *de novo* the district court decision to remand, *Hellon & Assoc., Inc. v. Phoenix Resort Corp.*, 958 F.2d 295, 297 (9th Cir.1992), and we affirm.

A criminal defendant claiming federally secured rights as a defense to a state prosecution may remove that prosecution to federal court. 28 U.S.C. § 1443(1); *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir.1971) (per curiam). All petitions for removal under § 1443(1) must satisfy two criteria:

> First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights.... Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that

purports to command the state courts to ignore the federal rights. Bad experiences with the particular court in question will not suffice.

*Sandoval*, 434 F.2d at 636 (internal citations omitted). Although Macomber claims protection from criminal prosecution by the State of Hawaii under the Hawaiian Homes Commission Act of 1920 and the Admissions Act of 1959, nothing in those Acts protect "equal racial civil rights" or render Macomber immune from prosecution. *State v. Lorenzo*, 77 Hawai'i 219, 883 P.2d 641, 643–44 (Haw.1994); *United States v. Lorenzo*, 995 F.2d 1448, 1456 (9th Cir.1993). Even if those Acts granted Macomber certain benefits based upon his race, such benefits are not federal in nature and cannot support removal under § 1443. *Keaukaha–Panaewa Comm. Ass'n v. Hawaiian Homes Comm'n*, 588 F.2d 1216, 1226 (9th Cir.1978) (for all practical purposes, any benefits for native Hawaiians under the Commission Act lost their federal nature when the program was turned over to the State of Hawaii and the Act was made part of the Hawaii Constitution). Macomber's reference to the equal protection clause is also an insufficient basis for removal under § 1443(1). *Sandoval*, 434 F.2d at 636. Thus, the district court properly remanded this case to state court.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.