**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 27 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THOMAS B MCCULLOUGH, Jr., As Special Administrator, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> NATHALEE EVANS, As Named Executor Of the Estate of Eugenia M Ringgold, <br><br> Defendant - Appellant, <br><br> And <br><br> DORIAN CARTER, <br><br> Defendant. | No. 13-55349 <br><br> D.C. No. 2:12-cv-10303-MWF-E <br><br><br> MEMORANDUM* |
| In re: THE ESTATE OF EUGENIA M. RINGGOLD, decedent, <br><br>———————————————— <br><br> THOMAS B. MCCULLOUGH, Jr., Special Administrator and Administrator with Will Annexed, | No. 13-55351 <br><br> D.C. No. 2:12-cv-08433-MWF-E |

---

         *    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Petitioner - Appellee,

v.

NATHALEE EVANS, Named Executor of
the Estate of Eugenia M. Ringgold,
decedent,

Respondent - Appellant.

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted April 9, 2015[**]
Pasadena, California

Before: REINHARDT, McKEOWN, and M. SMITH, Circuit Judges.

The Appellant, Nathalee Evans, appeals from the district court's order remanding this case to state court and from its order denying her motion to vacate the remand order. We have jurisdiction to review the remand order pursuant to 28 U.S.C. § 1447(d) and jurisdiction to review the order denying the motion to vacate pursuant to 28 U.S.C. § 1291. We affirm.

Evans removed this action pursuant to 28 U.S.C. § 1443.

A petition for removal under § 1443(1) must satisfy the two-part test articulated by the Supreme Court in *Georgia v. Rachel*, 384 U.S. 780, 788-

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

92, 794-804, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966) and *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824-28, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966). "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir.1970). "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id.*

*Patel v. Del Taco, Inc.*, 446 F.3d 996, 998-99 (9th Cir. 2006).  The district court correctly concluded that the case was not removable under 28 U.S.C. § 1443(1) because Evans did not identify a state law that prohibited her from enforcing her civil rights or "an equivalent basis . . . for an equally firm prediction that the defendant would be 'denied or cannot enforce' the specified federal rights in the state court."  *Rachel*, 384 U.S. at 804.

This case was not removable under 28 U.S.C. § 1443(2), which "is available only to federal officers and to persons assisting such officers in the performance of their official duties," and to state officers.  *City of Greenwood v. Peacock*, 384 U.S. 808, 815, 824 n.22 (1966).  Evans did not demonstrate that she was a federal or state officer or a person assisting such an officer in the performance of his or her official duties.

We lack jurisdiction to consider Evans's contention that the district court erred by failing to consider whether it had subject matter jurisdiction under 28 U.S.C. § 1334. *See* 28 U.S.C. § 1447(d); *Patel*, 446 F.3d at 998.

The district court did not err in denying Evans's motion to vacate the remand order. The district court correctly concluded that it lacked subject matter jurisdiction over the action.

We deny Evans's motion to strike (Dkt. No. 39), her motion for sanctions and miscellaneous relief (Dkt. No. 45), and her motion for judicial notice (Dkt. No. 53).

We deny the Appellee's motion for judicial notice (Dkt. No. 42) and request for sanctions.

**AFFIRMED.**

4