**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MYER SANKARY, | No. 13-55063 |
| Plaintiff - Appellee, | D.C. No. 2:12-cv-08905-R-PLA |
| v. | |
| NINA RINGGOLD; et al., | MEMORANDUM[*] |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted April 9, 2015[**]
Pasadena, California

Before: REINHARDT, McKEOWN, and M. SMITH, Circuit Judges.

The Appellants, Nina Ringgold and Justin Lockhart, appeal from the district

court's order remanding this case to state court. The Appellants challenge: (1) the

district court's refusal to allow Nina Ringgold to file a notice of joinder; (2) the

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

denial of the Appellants' application to disqualify the judge; (3) the decision to remand; and (4) the district court's award of attorney's fees to the Appellee.

We have jurisdiction to review the remand order pursuant to 28 U.S.C. § 1447(d). We have jurisdiction to review the other issues raised on appeal pursuant to 28 U.S.C. § 1291. We reverse the award of attorney's fees and affirm in all other respects.

The district court did not err in refusing to allow Nina Ringgold to file a notice of joinder. Nina Ringgold was prevented from filing the notice because she was subject to a pre-filing order in the district. She contends that she nonetheless should have been permitted to join "solely in the capacity as the trustee of the Aubry Family Trust." However, it does not appear that Nina Ringgold is a trustee of the Aubry Family Trust. *See In re Ringgold*, 142 Cal. App. 4th 1001, 1004 (2006) (noting that Nina Ringgold "was terminated as trustee by court order on March 10, 2005" and that "Myer J. Sankary, an attorney, is the current trustee."). Therefore, any error in preventing her from filing the notice was harmless.

Judge Philip Gutierrez did not err in denying the Appellants' application to disqualify Judge Real. 28 U.S.C. § 144 provides that "if the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such a judge shall proceed no further . . . ." *See also* 28

2

U.S.C. § 455(a). A judge should be recused if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008) (quoting *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997)). On appeal, the Appellants cite a number of previous interactions with Judge Real that they contend cast doubt on the judge's impartiality. These interactions did not indicate the Judge Real held a "deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). It was therefore not an abuse of discretion to conclude that disqualification was not warranted.

The district court correctly concluded that this case was not removable under 28 U.S.C. § 1443.

> A petition for removal under § 1443(1) must satisfy the two-part test articulated by the Supreme Court in *Georgia v. Rachel*, 384 U.S. 780, 788-92, 794-804, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966) and *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824-28, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966). "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir.1970). "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id.*

*Patel v. Del Taco, Inc.*, 446 F.3d 996, 998-99 (9th Cir. 2006).  The case was not removable under 28 U.S.C. § 1443(1) because the Appellants did not identify a state law that prohibited them from enforcing their civil rights or "an equivalent basis . . . for an equally firm prediction that the defendant would be 'denied or cannot enforce' the specified federal rights in the state court."  *Rachel*, 384 U.S. at 804.

This case was also not removable under 28 U.S.C. § 1443(2), which "is available only to federal officers and to persons assisting such officers in the performance of their official duties," and to state officers.  *City of Greenwood v. Peacock*, 384 U.S. 808, 815, 824 n.22 (1966).  The Appellants did not demonstrate that they were state or federal officers or persons assisting such an officer in the performance of his or her official duties.

The district court erred in awarding attorney's fees under 28 U.S.C. § 1447 without first determining that the fees requested were reasonable.  28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  "Under a fee-shifting statute, the court 'must calculate awards for attorney's fees using the 'lodestar' method.'"  *Staton v. Boeing Co.*, 327 F.3d 938,

965 (9th Cir. 2003) (quoting *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001)).

The order awarding attorney's fees did not explicitly find that the fees requested were reasonable. Nor was there any basis in the record to determine the amount of fees, since the record did not contain an affidavit specifying the fees incurred by the Appellee. We therefore reverse the award of attorney's fees.

We deny the Appellants' motions for judicial notice (Dkt. Nos. 41, 47, 59) and motion for miscellaneous relief (Dkt. No. 43).

**AFFIRMED IN PART, REVERSED IN PART.**