**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MYER J. SANKARY, | No. 13-55040 |
| Plaintiff - Appellee, | D.C. No. 2:12-cv-10168-R-PLA |
| And | |
| CALIFORNIA COURT OF APPEAL SECOND APPELLATE DISTRICT, Division Five, Presiding Justice Paul Turner, | MEMORANDUM[*] |
| Plaintiff, | |
| v. | |
| JUSTIN RINGGOLD-LOCKHART, | |
| Defendant, | |
| And | |
| GRETA CURTIS, Esquire, Defendants Non-Parties; et al., | |
| Defendants - Appellants. | |

Appeal from the United States District Court

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted April 9, 2015[**]
Pasadena, California

Before: REINHARDT, McKEOWN, and M. SMITH, Circuit Judges.

The Appellants, Greta Curtis, Law Offices of Greta Curtis, Nina Ringgold, and the Law Offices of Nina Ringgold, appeal from the district court's order remanding this action to state court. The Appellants challenge: (1) the order transferring this case to the docket of Judge Manuel Real; (2) the denial of the Appellants' motion to disqualify Judge Real; (3) the district court's decision to remand; and (4) the district court's order assessing a fine against Nina Ringgold for civil contempt.

We have jurisdiction to review the remand order pursuant to 28 U.S.C. § 1447(d). We have jurisdiction to review the other issues raised on appeal pursuant to 28 U.S.C. § 1291. We reverse the fine against Nina Ringgold, and affirm in all other respects.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

The Appellants have not pointed to any irregularity in how the case was assigned. The case was assigned to Judge Real because it was related to an earlier-filed case on Judge Real's docket.

Judge Philip Gutierrez did not err in denying the Appellants' application to disqualify Judge Real. 28 U.S.C. § 144 provides that "if the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such a judge shall proceed no further . . . ." *See also* 28 U.S.C. § 455(a). A judge should be recused if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008) (quoting *United States v. Hernandez,* 109 F.3d 1450, 1453 (9th Cir. 1997)). On appeal, the Appellants cite a number of previous interactions with Judge Real that they contend cast doubt on the judge's impartiality. These interactions did not indicate that Judge Real held a "deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). It was therefore not an abuse of discretion to conclude that disqualification was not warranted.

The district court correctly concluded that this case was not removable under 28 U.S.C. § 1443.

A petition for removal under § 1443(1) must satisfy the two-part test articulated by the Supreme Court in *Georgia v. Rachel*, 384 U.S. 780, 788-92, 794-804, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966) and *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824-28, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966). "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir.1970). "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id.*

*Patel v. Del Taco, Inc.*, 446 F.3d 996, 998-99 (9th Cir. 2006). The case was not removable under 28 U.S.C. § 1443(1) because the Appellants did not identify a state law that prohibited them from enforcing their civil rights or "an equivalent basis . . . for an equally firm prediction that the defendant would be 'denied or cannot enforce' the specified federal rights in the state court." *Rachel*, 384 U.S. at 804.

This case was also not removable under 28 U.S.C. § 1443(2), which "is available only to federal officers and to persons assisting such officers in the performance of their official duties," and to state officers. *City of Greenwood v. Peacock*, 384 U.S. 808, 815, 824 n.22 (1966). The Appellants did not demonstrate that they were state or federal officers or persons assisting such an officer in the performance of his or her official duties.

4

The district court erred by awarding an unconditional fine against Nina Ringgold to redress civil contempt.  Punitive sanctions are not available in civil contempt proceedings.  *Hicks v. Feiock*, 485 U.S. 624, 632-33 (1988).  The unconditional fine was punitive because it was not compensatory and did not afford Nina Ringgold an opportunity to purge contempt.  *See United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 829 (1994) ("[A] 'flat, unconditional fine' totaling even as little as $50 announced after a finding of contempt is criminal if the contemnor has no subsequent opportunity to reduce or avoid the fine through compliance." (quoting *Penfield Co. of Cal. v. SEC*, 330 U.S. 585, 590 (1947))).

Because the fine was punitive, it could only be imposed if Nina Ringgold was afforded the protections the Constitution requires in criminal proceedings. *Hicks*, 485 U.S. at 632.  She was not.

We therefore reverse the fine against Nina Ringgold.

We deny the Appellants' motion for judicial notice (Dkt. No. 47).

**AFFIRMED IN PART, REVERSED IN PART.**