**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JAGDISHBHAI and HANSABEN PATEL,
*Plaintiffs-Appellants,*

v.

DEL TACO, INC.,
*Defendant-Appellee.*

Nos. 04-16208
04-16604

D.C. No.
CV-04-05385-REC-
SMS

OPINION

Appeal from the United States District Court
for the Eastern District of California
Robert E. Coyle, District Judge, Presiding

Argued and Submitted
February 14, 2006—San Francisco, California

Filed May 2, 2006

Before: Arthur L. Alarcón and M. Margaret McKeown,
Circuit Judges, and H. Russel Holland,*
Senior District Judge.

Opinion by Judge Holland

---

*The Honorable H. Russel Holland, Senior District Judge for the District of Alaska, sitting by designation.

4999

**COUNSEL**

Frank A. Weiser, Law Offices of Frank A. Weiser, Los Angeles, California, for the plaintiffs-appellants.

Adam Pines, Michael M. Berger, and Benjamin G. Shatz, Manatt, Phelps, & Phillips, LLP, Los Angeles, California, for the defendant-appellee.

**OPINION**

HOLLAND, District Judge:

In this consolidated appeal, Jagdishbhai and Hansaben Patel ("the Patels") seek review of two orders issued by the district court: 1) an order granting Del Taco's motion to remand and awarding attorney's fees and 2) an order staying the Patels' federal claims and compelling arbitration of those claims. We dismiss the appeal from the remand order based on 28 U.S.C. § 1441 for lack of jurisdiction. We affirm as to the remand order based on 28 U.S.C. § 1443 and as to the award of attorney's fees. We also dismiss the appeal from the order staying the federal claims and compelling arbitration of those claims for lack of jurisdiction.

**Background**

The Patels entered into a franchise agreement with Del Taco, Inc. under which the Patels were to operate a Del Taco restaurant in Hanford, California. The franchise agreement contained an arbitration clause that provided that "any controversy or claim arising out of or relating to this Agreement, whether such [a] controversy is one of law, fact or both, shall be submitted to arbitration" before the American Arbitration Association ("AAA") in Orange County, California. In 2003, Del Taco accused the Patels of breaching the franchise agreement and initiated arbitration proceedings. Both Del Taco and the AAA served the Patels with a demand for arbitration. Although the Patels' attorney was aware of the hearing, neither the Patels nor their attorney appeared at the arbitration hearing. The arbitrators issued an unanimous award in favor of Del Taco, terminating the franchise agreement and awarding Del Taco over $20,000 in damages.

On February 10, 2004, Del Taco filed a petition to confirm the arbitration award in Orange County Superior Court. Shortly thereafter, Del Taco filed a motion to confirm the

award, and a hearing on the motion was set for March 9, 2004.

On March 5, 2004, the Patels filed a complaint in federal district court against Del Taco, alleging fraud and civil rights violations under 42 U.S.C. §§ 1981, 1983, and 1985(3). In the fourth claim for relief in their federal complaint, the Patels sought to remove to federal court Del Taco's pending state court petition to confirm the arbitration award. In other words, they did not file a separate removal petition but rather joined their removal petition to their federal civil rights complaint. The Patels alleged that the state court arbitration petition was removable under 28 U.S.C. § 1443(1).[1]

Del Taco moved to remand the arbitration petition to state court. The district court granted the motion to remand and awarded Del Taco $9,767 in attorney's fees. Del Taco then moved to stay the Patels' federal action and to compel them to arbitrate their federal claims. The district court granted Del Taco's motion to stay the Patels' federal claims and to compel arbitration of those claims. This consolidated appeal followed.

**Analysis**

I.  Motion to Remand

**[1]** The district court determined that removal was not proper under either 28 U.S.C. § 1441 or § 1443(1). We lack

---

[1]28 U.S.C. § 1443(1) provides:

Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1)  Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof.

jurisdiction to review the remand order based on § 1441. *See* 28 U.S.C. § 1447(d) ("order remanding a case to the State court from which it was removed is not reviewable on appeal"). Accordingly, the Patels' appeal from the remand order based on § 1441 is dismissed.

**[2]** We do, however, have jurisdiction to review the remand order based on 28 U.S.C. § 1443(1). *See* 28 U.S.C. § 1447(d) ("order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal"). "A district court's decision to remand a removed case is . . . reviewed *de novo*." *State of Neb. ex rel. Dep't of Social Services v. Bentson*, 146 F.3d 676, 678 (9th Cir. 1998).

**[3]** A petition for removal under § 1443(1) must satisfy the two-part test articulated by the Supreme Court in *Georgia v. Rachel*, 384 U.S. 780, 788-92, 794-804 (1966) and *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824-28 (1966). "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970). "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id.*

**[4]** Assuming without deciding that the Patels' petition for removal met the first prong of the § 1443(1) removal test, it did not meet the second prong. The Patels point to no formal expression of state law that prohibits them from enforcing their civil rights in state court nor do they point to anything that suggests that the state court would not enforce their civil rights in the state court proceedings. The arbitration petition was not removable pursuant to 28 U.S.C. § 1443(1), and the district court did not err in remanding it to state court.

## II. Attorney's Fees

**[5]** The Patels also challenge the attorney's fees awarded to Del Taco pursuant to 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "[W]e . . . have jurisdiction to review the district court's award of attorneys' fees pursuant to 28 U.S.C. § 1447(c)." *Dahl v. Rosenfeld*, 316 F.3d 1074, 1077 (9th Cir. 2003). "We review an award of attorneys' fees for an abuse of discretion and will overturn the district court's decision only if it is based on clearly erroneous findings of fact or erroneous determinations of law." *Id.* "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 126 S. Ct. 704, 708 (2005).

**[6]** The Patels had no objectively reasonable basis for removal. As set forth above, there was no ground for removal based on 28 U.S.C. § 1443(1). There was also no ground for removal based on 28 U.S.C. § 1441(a) because Del Taco's petition to confirm the arbitration award did not contain any claim over which the district court would have had original jurisdiction; nor was there any ground for removal based on 28 U.S.C. § 1441(c). The Patels contended that, under 28 U.S.C. § 1441(c) and 28 U.S.C. § 1367, Del Taco's state court arbitration petition was removable because, when joined with the Patels' civil rights claims, the federal district court had supplemental jurisdiction over the petition. This contention is frivolous. Section 1367, which provides for supplemental jurisdiction, is not a basis for removal. Section 1441(c) permits the removal of an entire case where the *state court plaintiff's pleadings* contain a federal claim that is separate and independent from otherwise non-removable state law claims. *Boggs v. Lewis*, 863 F.2d 662, 663-64 (9th Cir. 1988). Del Taco's state court petition to confirm the arbitration award contained only one state law cause of action; it did not contain

any federal claim that could provide the basis for a § 1441(c) removal. Joinder of a federal claim and a claim for removal of a state court action in a federal complaint cannot effect a § 1441(c) removal. There being no objectively reasonable basis for removal, the district court did not abuse its discretion in awarding attorney's fees under § 1447(c) to Del Taco.

III.   Sole and Exclusive Jurisdiction over Removal Action

[7] The Patels also object to the state court asserting jurisdiction over the removal action once it was remanded by the district court. The Patels argue that once they filed a notice of appeal of the remand order, this court had sole and exclusive jurisdiction over the removal action and the state court was divested of jurisdiction over the removal action. The Patels cite to no authority that supports their proposition that this court had sole and exclusive jurisdiction once the notice of appeal was filed nor do they cite to any authority that suggests that the state court could not assert jurisdiction over the removal action once the district court issued its remand order. In fact, what little authority exists on this issue suggests the contrary. *See*, *e.g.*, *Fosdick v. Dunwoody*, 420 F.2d 1140, 1141 n.1 (1st Cir. 1970) ("since an appeal does lie in section 1443 cases, and since, absent a supersedeas, an appeal does not vacate orders of the district court, further state proceedings are not avoidable").

IV.   Stay Order

[8] Lastly, the Patels appeal from the district court's order staying their federal claims and compelling arbitration of those claims. This appeal is dismissed for lack of jurisdiction because the stay order is not a final order for purposes of 28 U.S.C. § 1291. "A decision is 'final' within the meaning of § 1291 if it '(1) is a full adjudication of the issues, and (2) clearly evidences the judge's intention that it be the court's final act in the matter.' " *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 870 (9th Cir. 2004)

(quoting *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1258 (9th Cir. 2004)). The stay order does not meet this definition. The stay order is also not appealable as an interlocutory order. *See Abernathy v. S. Cal. Edison*, 885 F.2d 525 (9th Cir. 1989).

## Conclusion

The appeal from the remand order based on § 1441 is DISMISSED. The remand order based on § 1443 is AFFIRMED. The award of attorney's fees to Del Taco is AFFIRMED. The appeal from the order staying the Patels' federal claims and compelling arbitration of those claims is DISMISSED.