CLD-244                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2878
_____

IN RE:  CLAUDIA WILTBANK-JOHNSON,
                                                   Petitioner

_____

On a Petition for Writ of Prohibition
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 21, 2011
Before:  RENDELL, FUENTES AND SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 19, 2011)
_____

OPINION
_____

PER CURIAM

        Pro se petitioner Claudia Wiltbank-Johnson is a party in a civil action pending in

the Court of Chancery of the State of Delaware.  She has filed an original petition for a

writ of prohibition in this Court in which she asks us to compel the Court of Chancery to

dismiss the state action.  We will dismiss Wiltbank-Johnson's petition for lack of

jurisdiction.

        Under the All Writs Act, Congress has conferred jurisdiction on this Court to issue

writs of prohibition and mandamus[1] only "in aid of" our jurisdiction. 28 U.S.C. § 1651(a). "Before entertaining the [petition], then, we must identify a jurisdiction that the issuance of the writ might assist." United States v. Christian, 660 F.2d 892, 894 (3d Cir. 1981) (internal quotation marks omitted).

There is no such jurisdiction here. Wiltbank-Johnson does not allege any act or omission by a United States District Court within this Circuit over which we might exercise authority by way of prohibition or mandamus. See id. at 895. Nor does she allege any act or omission by a federal officer, employee, or agency that a United States District Court might have prohibition or mandamus jurisdiction to address in the first instance. See 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.").

Instead, Wiltbank-Johnson asks us to exercise our prohibition or mandamus jurisdiction over a state court to compel it to dismiss her case. We do not have jurisdiction to grant that request. See In re Wolenski, 324 F.2d 309, 309 (3d Cir. 1963) (per curiam) (explaining that District Court "was without power to compel the Orphans' Court [of Delaware County, Pennsylvania] to act in this matter"); see also White v. Ward, 145 F.3d 1139, 1139 (10th Cir. 1998); 19 George C. Pratt, Moore's Federal Practice §

---

[1] While Wiltbank-Johnson frames her request as seeking a writ of prohibition, insofar as she is asking us to compel action by the state court, her petition may be more properly construed as a petition for a writ of mandamus. See In re Sch. Asbestos Litig., 921 F.2d 1310, 1313 (3d Cir. 1990). This distinction, however, does not affect our analysis here. See id. ("[M]odern courts have shown little concern for the technical and historic differences between the two writs.").

204.01[3][b] (3d ed. 2011) ("The circuit courts lack jurisdiction to issue a writ of mandamus to a state court.").

Accordingly, because we lack jurisdiction to grant the relief that Wiltbank-Johnson requests, we will dismiss her petition.