BLD-268                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2306
_____

KATHLEEN BROWN

v.

BENJAMIN WILTBANK, II, Husband; JUANITA WILTBANK, Wife;
CLAUDIA WILTBANK-JOHNSON; HOMEOWNERS LOAN CORP.,
a Delaware Corporation; MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS INC., a Delaware Corporation

Ms. Claudia Wiltbank-Johnson,

Appellant
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1:11-cv-00617)
District Judge:  Honorable Sue L. Robinson
_____

Submitted for Possible Summary Action Pursuant
to Third Circuit LAR 27.4 and I.O.P. 10.6
August 23, 2012

Before:  SCIRICA, SMITH AND CHAGARES, Circuit Judges

(Opinion filed: September 18, 2012)
_____

OPINION
_____

PER CURIAM

Claudia Wiltbank-Johnson, who proceeds pro se and in forma pauperis, appeals orders remanding her case to the Delaware Court of Chancery and denying her subsequent motion for reconsideration.

Because we write primarily for the parties, we need not lay out the history of this case at great length; suffice it to say, it appears to arise from a dispute over a parcel of real estate in Lewes, Delaware.[1] This federal proceeding began on July 12, 2011, when Wiltbank-Johnson filed a "Notice of Removal" in the United States District Court. In this confusing document, Wiltbank-Johnson accused the Delaware courts and their officers (as well as the counterparties in the property dispute) of corruption and racism, invoking both unspecified "federal questions" pursuant to 28 U.S.C. § 1331 and, separately, the civil-rights removal statute, 28 U.S.C. § 1443(1). The District Court sua sponte remanded the case because Wiltbank-Johnson's notice of removal was procedurally defective. Following the denial of a timely filed motion for reconsideration, Wiltbank-Johnson appealed. We summarily vacated and remanded, holding that the District Court had exceeded its statutory authority when it remanded sua sponte based on a procedural defect, but stressing that we were "not preclud[ing] the District Court from

---

[1] See Brown v. Wiltbank, No. 2170, 2010 Del. Ch. LEXIS 214 (Del. Ch. Feb. 22, 2010), master's report adopted by 2011 Del. Ch. LEXIS 158 (Del. Ch. Oct. 13, 2011). Wiltbank-Johnson has previously filed a writ of prohibition in this Court, requesting that we compel the Court of Chancery to dismiss the state action. We dismissed that request for lack of jurisdiction. See In re Wiltbank-Johnson, 442 F. App'x 649, 650 (3d Cir. 2011).

considering whether it ha[d] subject matter jurisdiction over the cause of action." Brown v. Wiltbank, C.A. No. 11-4042 (order entered Dec. 22, 2011). On remand, the District Court concluded that 1) removal under 28 U.S.C. § 1441 was improper because the case could not have been filed originally in federal court, and 2) removal under 28 U.S.C. § 1443(1) was defective because Wiltbank-Johnson had not satisfied the standard for removal under that section. Thus, the case was again returned to the Delaware Court of Chancery. Wiltbank-Johnson's motion for reconsideration was denied, after which she filed a timely notice of appeal.

Our ability to review a remand order is limited by 28 U.S.C. § 1447(d), which generally deprives us of jurisdiction over "[a]n order remanding a case to the State court from which it was removed," *except* when "it was removed pursuant to [28 U.S.C. §] 1442 or [28 U.S.C. §] 1443." Thus, to the extent that the District Court found removal lacking under 28 U.S.C. § 1441, we do not have jurisdiction to review its conclusion. See Feidt v. Owens Corning Fiberglas Corp., 153 F.3d 124, 126–28 (3d Cir. 1998); Davis v. Glanton, 107 F.3d 1044, 1047 (3d Cir. 1997). To the extent that removal was attempted pursuant to § 1443(1), however, we have jurisdiction to review the District Court's order de novo. Patel v. Del Taco, Inc., 446 F.3d 996, 998 (9th Cir. 2006).

We detect no error in the District Court's § 1443 analysis. Wiltbank-Johnson's removal notice did not clearly demonstrate that 1) she was being deprived of rights guaranteed by federal law providing for equal civil rights and that 2) she could not enforce her rights in state court. Davis, 107 F.3d at 1047 (quoting State of Georgia v.

3

Rachel, 384 U.S. 780, 788 (1966)).  Furthermore, we see no sign that the District Court abused its discretion in denying the subsequent motion for reconsideration.  See Long v. Atl. City Police Dep't, 670 F.3d 436, 446 (3d Cir. 2012).  Accordingly, finding no substantial question to be presented by this appeal, we will summarily affirm the judgment of the District Court.  Murray v. Bledsoe, 650 F.3d 246, 248 (3d Cir. 2011) (per curiam); see also 3d Cir. L.A.R. 27.4; I.O.P. 10.6.