
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, as Trustee, Successor in Interest to Bank of America, National Association as Successor by Merger to LaSalle Bank, National Association as Trustee for Wamu Mortgage Pass-through Certificates Series 2006-AR12 Trust, <br><br>        Plaintiff - Appellee, <br><br>   v. <br><br> NAZIE AZAM, <br><br>        Defendant - Appellant. | No. 13-55729 <br><br> D.C. No. 8:13-cv-00633-JST-RNB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted June 25, 2014[**]

Before:    HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

Nazie Azam appeals from the district court's order sua sponte remanding

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

plaintiff's unlawful detainer action against her to California state court. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998 (9th Cir. 2006), and we affirm.

The district court properly remanded the action because, even assuming that the prosecution of the unlawful detainer action violated Azam's right to racial equality as a Persian-American, Azam failed to establish that the state court could not enforce this right because a California statute or a constitutional provision purported to command the state court to ignore her federal civil rights. *See id.* at 999 (setting forth Supreme Court's two-part test for removal under 28 U.S.C. § 1443); *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (the removal statute is strictly construed against removal jurisdiction, and the burden of establishing such jurisdiction falls to the party seeking removal).

We do not consider Azam's contentions regarding removal on the basis of 28 U.S.C. §§ 1334 and 1441 because they are beyond the scope of review. *See* 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise.").

Azam's pending motions—including for judicial notice, to strike portions of

the answering brief and for sanctions against plaintiff, and for a stay and injunction pending appeal—as well as her request for reassignment of the action to a different district court judge and district, set forth in her reply brief, are denied.

Plaintiff's request for attorney's fees and costs on appeal, set forth in its answering brief, is denied without prejudice. *See* Fed. R. App. P. 38 (requiring separately filed notice for damages and costs on appeal).

**AFFIRMED.**