**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHELE CLARK, Erroneously Sued As Michelle R. Clark,<br><br>　　　　Plaintiff - Appellee,<br><br>　v.<br><br>JUDITH HOPKINS KEMPTON, as personal representative for the Estate of Kimberly Kempton; and CHARLES G. KINNEY,<br><br>　　　　Defendants - Appellants. | No. 13-55126<br><br>D.C. No. 2:12-cv-10046-PSG-JC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted February 10, 2015[**]
Pasadena California

Before: GRABER and WARDLAW, Circuit Judges, and MAHAN,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***] The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

Appellants Judith Kempton, as personal representative for the Estate of Kimberly Kempton, and Charles Kinney appeal the district court's order remanding this case to state court. Appellants sought removal under 28 U.S.C. §§ 1441 and 1443. For the reasons that follow, we dismiss the appeal as it pertains to § 1441, and we affirm the remand order as it pertains to § 1443.

1. We lack jurisdiction over this appeal to the extent that it pertains to removal under § 1441. See 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise."); Patel v. Del Taco, Inc., 446 F.3d 996, 998 (9th Cir. 2006) ("We lack jurisdiction to review the remand order based on § 1441." (citing 28 U.S.C. § 1447(d))).

2. The district court properly remanded this case, because Appellants have not met the requirements for removal under § 1443. See Patel, 446 F.3d at 998–99 (identifying the necessary "two-part test"). Appellants have not identified—and cannot identify—an "explicit statutory enactment protecting equal racial civil rights" that is applicable here. Patel, 446 F.3d at 999 (internal quotation marks omitted); see also Okot v. Callahan, 788 F.2d 631, 633 (9th Cir. 1986) ("Okot, as

2

the petitioner in the state court proceeding, had no power to remove his own case. Removal is available only to defendants.").

**Appeal DISMISSED in part; remand order AFFIRMED.** Costs on appeal awarded to Plaintiff-Appellee.