**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 26 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NAZIE AZAM, | No. 15-60051 |
| Appellant, | BAP No. 13-1538 |
| v. | |
| U.S. BANK, N.A., | **MEMORANDUM**[*] |
| Appellee. | |

Appeal from an Order of the
Bankruptcy Appellate Panel of the Ninth Circuit

Submitted April 6, 2017[**]
Pasadena, California

Before:  M. SMITH and N.R. SMITH, Circuit Judges, and FEINERMAN, District Judge.[***]

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes that this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Gary Feinerman, District Judge for the United States District Court for the Northern District of Illinois, sitting by designation.

1

Nazie Azam appeals from a decision of the Bankruptcy Appellate Panel (BAP) that: (1) dismissed her appeal of the bankruptcy court's denial of her request for a temporary restraining order (TRO); (2) affirmed the bankruptcy court's remand of an unlawful detainer action that she had removed from state court; and (3) affirmed the bankruptcy court's decision to abstain from considering an adversary proceeding brought by her. We affirm.

The BAP's opinion ably sets forth the facts and procedural history, which will not be repeated here. *See In re Azam*, 2015 WL 2180319, *1-6 (B.A.P. 9th Cir. May 8, 2015).

1. The BAP correctly dismissed as moot Azam's appeal as to the denial of the TRO. "The test for mootness of an appeal is whether the appellate court can give the appellant any effective relief in the event that it decides the matter on the merits in his favor." *Castaic Partners II, LLC v. Daca-Castaic, LLC (In re Castaic Partners II, LLC)*, 823 F.3d 966, 968-69 (9th Cir. 2016). Azam sought the TRO to prevent her eviction from her residence. After the bankruptcy court denied the TRO, Azam was evicted. That was over three years ago. Reversing the denial of the TRO would provide Azam no effective relief, because an eviction that has already occurred cannot be restrained. *See Bernhardt v. Cty. of Los Angeles*, 279 F.3d 862, 871 (9th Cir. 2002) ("Where the activities sought to be enjoined have already occurred, and the appellate courts cannot undo what has already been done,

2

the action is moot, and must be dismissed."); *cf. United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953) ("The purpose of an injunction is to prevent *future* violations . . . .") (emphasis added). Accordingly, the BAP correctly dismissed Azam's appeal as to the denial of the TRO.

2. The BAP correctly affirmed the bankruptcy court's remand of the unlawful detainer action. To begin with, Azam has already litigated and lost this issue before our court. Azam removed the unlawful detainer action to the district court in April 2013, the suit was remanded, Azam appealed, and this court affirmed. *See U.S. Bank, N.A. v. Azam*, 582 F. App'x 710 (9th Cir. 2014). The removal petition here is materially identical to the earlier removal petition, and Azam has provided no basis to reach a different result here.

Even writing on a clean slate, remand was proper. The general rule holds that a remand is not reviewable on appeal, but there is an exception if the suit was removed under 28 U.S.C § 1443. *See* 28 U.S.C. § 1447(d). To justify removal under § 1443, the defendant must invoke "rights that are given to [her] by explicit statutory enactment protecting equal racial civil rights," "assert that the state courts will not enforce th[ose] right[s]," and support that assertion "by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006) (first citing *City of Greenwood v. Peacock*, 384 U.S. 808, 824-28 (1966),

3

*Georgia v. Rachel*, 384 U.S. 780, 788-92 (1966), then quoting *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970)). Although Azam's removal petition cites various state laws, it does not and could not explain how those laws commanded the state court to ignore her civil rights. It follows that the bankruptcy court was correct to remand the unlawful detainer action.

3. The BAP correctly affirmed the bankruptcy court's abstention from Azam's adversary proceeding. When a bankruptcy court faces issues that are imminently pending in state court, it may abstain and lift the automatic stay. *See Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1166 (9th Cir. 1990). The following factors guide the decision whether to abstain:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of the bankruptcy court's docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

*Id*. at 1167 (brackets omitted).

4

Abstention was warranted here.  Because the underlying bankruptcy case had been dismissed, the adversary proceeding's claims were as remote from the main bankruptcy proceeding as they possibly could have been.  Factors (2), (4), and (10) all strongly supported abstention: the predominant claims were not bankruptcy claims; related state proceedings had commenced; and, as the bankruptcy court observed and Azam's litigation history strongly suggests, there was a likelihood that the proceedings were an attempt at forum shopping.  Accordingly, the bankruptcy court did not abuse its discretion in abstaining, and the BAP did not err in affirming.

Appellee's pending motion for judicial notice is granted.

**AFFIRMED**.