**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 9 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KEEHAN TENNESSEE INVESTMENTS, LLC; DAVID KEEHAN; DONALD J. KEEHAN, Sr.; DURHAM RIDGE INVESTMENTS, LLC; WESTLAKE BRIAR, LLC; KEEHAN TRUST FUNDING, LLC; DONALD J. KEEHAN, Jr.; 951 REALTY LTD., | No. 15-16303 |
| | D.C. No. 3:14-cv-00500-RCJ-WGC |
| Plaintiffs-Appellants, | |
| | MEMORANDUM* |
| v. | |
| GUARDIAN CAPITAL ADVISORS, INC.; PRAETORIUM SECURED FUND, I, L.P.; GEORGE V. CRESSON, Individually and doing business as Development Finance, LP; KENNETH A. MILLER, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and Submitted April 17, 2017
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: REINHARDT and BERZON, Circuit Judges, and MONTGOMERY, District Judge.[**]

Plaintiff-Appellants ("Plaintiffs") appeal the district court's order awarding Defendant-Appellees ("Defendants") Praetorium Secured Fund, I, L.P. ("Praetorium") and George Cresson ("Cresson") $23,365.50 in attorney's fees and costs under 28 U.S.C. § 1447(c) for the improper removal of this case from Ohio state court.[1] We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

The underlying dispute in this case concerns financing for a golf course development project. Plaintiffs initiated the lawsuit by filing a complaint in Ohio state court, and Defendants later removed the action to the United States District Court for the District of Ohio, citing diversity jurisdiction under 28 U.S.C. § 1332.

In federal court, Plaintiffs filed an amended complaint that added two additional defendants. The case was then transferred to the United States District Court for the District of Nevada, where the district court, sua sponte, ordered the parties to conduct jurisdictional discovery after perceiving that federal jurisdiction

---

[**] The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota, sitting by designation.

[1] The district court also awarded attorney's fees and costs to Defendants Guardian Capital Advisors, Inc. ("Guardian") and Kenneth Miller. Plaintiffs appealed that award, but Guardian and Miller failed to appear before this court. In light of our conclusion with respect to defendants Praetorium and Cresson, we vacate the district court judgment awarding attorney's fees and costs to Guardian and Miller. *See* Fed. R. App. P. 31(c); *see also Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 887 n.7 (9th Cir. 2010).

might be lacking. During the course of that discovery, the parties ascertained jurisdictional facts destroying diversity, and the case was remanded back to Ohio state court.

The parties both moved for an award of attorney's fees and costs under 28 U.S.C. § 1447(c). The district court concluded that Plaintiffs were responsible for the improper removal and awarded fees to Defendants. In this appeal, Plaintiffs argue that the district court erred by awarding fees to Defendants because the removal statute permits an award of attorney's fees and costs only to the non-removing party. Plaintiffs also argue that, if § 1447(c) permits awarding fees to the removing party, the district court erred in finding Plaintiffs responsible for the improper removal and ordering them to pay Defendants' attorney's fees and costs.

Even if fees are available to a removing party under the removal statute, a question we leave for another day, the district court abused its discretion in awarding fees to Praetorium and Cresson for the improper removal. See Patel v. Del Taco, Inc., 446 F.3d 996, 999 (9th Cir. 2006) (noting that the decision to award fees is reviewed for an abuse of discretion).

"The burden of establishing removal jurisdiction . . . lies with the defendant seeking removal." Washington v. Chimei Innolux Corp., 659 F.3d 842, 847 (9th Cir. 2011). For purposes of diversity jurisdiction, limited liability companies ("LLCs") and limited partnerships are citizens of every state where their owners,

members, or partners are citizens.  See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").  Plaintiffs' state-court complaint did not allege facts sufficient to determine whether federal diversity jurisdiction existed. Although in their notice of removal Defendants made general allegations about Plaintiffs' citizenships and recited facts from Plaintiffs' state-court complaint, nowhere in the notice of removal did Defendants allege facts regarding the citizenships of the members of Plaintiff LLCs, even on information and belief, nor did they request jurisdictional discovery after removal to determine the relevant additional facts. The district court abused its discretion in awarding fees to Praetorium and Cresson under these circumstances.  Both parties share the blame and therefore the responsibility for paying their own costs of litigating a jurisdictionally deficient case in federal court for almost a year.

For the foregoing reasons, the judgment of the district court is reversed.  The case is remanded with directions to vacate the judgment awarding attorney's fees and costs to Defendants.

**REVERSED.**

4