NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 19 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LISA WONG, | No. 17-56765 |
| Plaintiff-Appellee, | D.C. No. 2:17-cv-05978-SVW-E |
| v. | |
| KRACKSMITH, INC., | MEMORANDUM[*] |
| Defendant-Appellant, | |
| and | |
| BOSCHAL LEE; et al., | |
| Defendants, | |
| v. | |
| WILLIAM STOCKER, | |
| Movant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted March 12, 2019[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: LEAVY, BEA, and N.R. SMITH, Circuit Judges.

Appellants Kracksmith, Inc., and William Stocker, its attorney in this action, appeal from the district court's order remanding plaintiff's action to California state court. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's decision to remand a removed case. *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998 (9th Cir. 2006). We affirm.

The district court properly remanded the action to state court because appellants failed to establish that the state court could not enforce their rights. *See id.* at 998-99 (two-part test for removal under 28 U.S.C. § 1443(1)). Contrary to appellants' contentions, appellants have not identified a California statute or constitutional provision that purports to command the state court to ignore their federal civil rights. To the extent that defendants argue that removal was proper under 28 U.S.C. § 1441, we lack jurisdiction to review the remand order. *See* 28 U.S.C. § 1447(d) (court lacks jurisdiction to review the district court's remand order based on § 1441); *Patel*, 446 F.3d at 998.

The district court did not abuse its discretion by sua sponte awarding sanctions against Stocker under Federal Rule of Civil Procedure 11(b) because Stocker filed a frivolous notice of removal. *See Holgate v. Baldwin*, 425 F.3d 671,

675-77 (9th Cir. 2005) (standard of review and factors for imposing Rule 11 sanctions); *Barber v. Miller*, 146 F3d 707, 711 (9th Cir. 1998) (Rule 11's safe harbor provision only applies where sanctions are raised through motion of a party).

The district court did not abuse its discretion by denying appellants' motion for reconsideration because appellants provided no basis for reconsideration. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir.1993) (setting forth standard of review and requirements for reconsideration).

We reject as without merit appellants' contentions that the district court denied them due process.

Appellants' requests for fees and costs, set forth in their opening brief, is denied.

**AFFIRMED.**

17-56765