NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

SEP 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CURTIS ULLESEIT; LISA WEHLMANN,

Plaintiffs-Appellees,

v.

BAYER HEALTHCARE
PHARMACEUTICALS INC.; et al.,

Defendants-Appellants,

and

BAYER PHARMA AG, FKA Bayer
Schering Pharma AG; et al.,

Defendants.

No.    19-15778

D.C. No. 3:17-cv-07026-JD

MEMORANDUM[*]

BETH WINKLER,

Plaintiff-Appellee,

v.

BAYER HEALTHCARE
PHARMACEUTICALS INC.; et al.,

Defendants-Appellants,

No.    19-15782

D.C. No. 3:18-cv-03077-JD

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

and

MCKESSON CORPORATION;
MCKESSON MEDICAL-SURGICAL INC.,

Defendants.

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Submitted September 14, 2020[**]
San Francisco, California

Before: WATFORD, FRIEDLAND, and MILLER, Circuit Judges.

Bayer HealthCare Pharmaceuticals Inc., Bayer Corporation, and Bayer HealthCare LLC (collectively "Bayer") appeal from the district court's order remanding five cases to California Superior Court.[1] Plaintiffs are California residents who have sued Bayer and other defendants under state law for their role in manufacturing, marketing, and distributing the prescription drug Magnevist. We affirm in part and dismiss in part.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Before the district court issued its remand order, the parties stipulated that plaintiffs' motions to remand in each of the five cases could be resolved based on the briefing filed in one of them. These cases were then consolidated into this appeal. Two cases remain before us.

**1.** Bayer sought to remove this action under §§ 1332 and 1442(a)(1) of Title 28 of the U.S. Code. The district court held that neither provision provides a basis for removal. Under our recent decision in *County of San Mateo v. Chevron Corp.*, 960 F.3d 586 (9th Cir. 2020), we may review the district court's remand order only to the extent that it is based on § 1442(a)(1). *See id.* at 595; *see also Patel v. Del Taco, Inc.*, 446 F.3d 996, 998 (9th Cir. 2006). We therefore lack jurisdiction to review Bayer's arguments concerning fraudulent joinder and diversity jurisdiction under § 1332.

**2.** Section 1442(a)(1) "authorizes removal of a civil action brought against any person 'acting under' an officer of the United States 'for or relating to any act under color of such office.'" *Leite v. Crane Co.*, 749 F.3d 1117, 1120 (9th Cir. 2014) (quoting 28 U.S.C. § 1442(a)(1)). To invoke the statute, Bayer must show that (1) it is a "person" within the statute's meaning, (2) a causal nexus exists between plaintiffs' claims and the actions it took under a federal officer's direction, and (3) it has a "colorable" federal defense to plaintiffs' claims. *See Fidelitad, Inc. v. Insitu, Inc.*, 904 F.3d 1095, 1099 (9th Cir. 2018). The first requirement is not in dispute as "corporations are 'person[s]' under § 1442(a)(1)." *Goncalves ex rel. Goncalves v. Rady Children's Hosp. San Diego*, 865 F.3d 1237, 1244 (9th Cir. 2017). To satisfy the second requirement, Bayer must show both that it acted under a federal officer and that those actions were causally connected to plaintiffs'

claims. *See id.* The central dispute in this case is whether Bayer acted under the direction of the Food and Drug Administration ("FDA") while undertaking the actions that are the subject of plaintiffs' claims. We conclude that it did not.

For Bayer's actions to constitute "acting under" the FDA, Bayer's efforts to assist or otherwise help carry out the FDA's duties or tasks must go beyond "simply complying with the law." *See Fidelitad*, 904 F.3d at 1100 (quoting *Watson v. Philip Morris Cos.*, 551 U.S. 142, 152 (2007)). Bayer argues that it acted under the FDA by advising two FDA committees about gadolinium-based contrast agents and because plaintiffs' claims are based on the defectiveness of warnings approved by the FDA after those same committee meetings, in which Bayer participated. We disagree. Bayer's arguments fail because there is no evidence it acted under the FDA's "subjection, guidance, or control." *Watson*, 551 U.S. at 151 (citation omitted). Unlike the "paradigm" of "a private person acting under the direction of a federal law enforcement officer," *Fidelitad*, 904 F.3d at 1099, or the circumstance of government contractors, *see, e.g.*, *Leite*, 749 F.3d at 1123–24, here there is nothing "distinct from the usual regulator/regulated relationship," *Watson*, 551 U.S. at 157. By allowing Bayer to voluntarily participate in the FDA advisory committees, the FDA neither delegated any legal authority to Bayer, *id.* at 156, nor "shar[ed] . . . day-to-day operating

responsibility" with Bayer, *Goncalves*, 865 F.3d at 1246 (citation omitted). As a result, Bayer did not "act under" the FDA.

Even if Bayer could establish that it "acted under" the FDA, Bayer cannot establish that participating in the advisory committees is causally connected to plaintiffs' claims. Significantly, the FDA did not direct Bayer's alleged efforts to conceal the risks of developing Gadolinium Deposition Disease when individuals with normal or near-normal kidney function—like plaintiffs—are injected with Magnevist, a gadolinium-based contrast agent manufactured by Bayer for MRI scans. Nor did the FDA prohibit Bayer from considering more robust warning labels for Magnevist. The allegedly defective warning labels did not occur "because of what [Bayer] w[as] asked to do by the Government." *Goncalves*, 865 F.3d at 1245 (citation and emphasis omitted). Bayer thus fails to establish that a causal nexus exists between any actions taken under the FDA and plaintiffs' claims.[2]

For these reasons, the district court properly rejected Bayer's attempt to remove this action under 28 U.S.C. § 1442(a)(1).

---

[2] Bayer urges us to reconsider our case law on the "causal nexus" requirement due to Congress's 2011 amendment of 28 U.S.C. § 1442. We do not think there is a meaningful difference between the causal nexus requirement articulated by our pre-2011 cases and the requirement imposed by the amended statute. In any event, because we conclude that Bayer did not act under a federal officer, our disposition does not depend on whether or not those acts are causally connected to plaintiffs' claims.

Bayer's motion for judicial notice, filed on September 10, 2019 (Docket No. 18), is DENIED.

**DISMISSED in part and AFFIRMED in part.**