**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

FEB 2 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YASHICA SHERMAN, an incompetent adult, by and through her guardian ad litem, David Sherman; et al., | No.  19-55697 |
| Plaintiffs-Appellees, | D.C. No. 2:19-cv-01584-R-SS |
| v. | MEMORANDUM* |
| RAKHI SINHA, D.O., | |
| Defendant-Appellant, | |
| DIGNITY HEALTH, DBA California Hospital Medical Center, | |
| Defendant-Appellee, | |
| and | |
| GRAND MEDICAL ASSOCIATES; DOES, 1 through to 50, inclusive, | |
| Defendants, | |
| v. | |
| UNITED STATES OF AMERICA, | |
| Movant-Appellee. | |

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted January 29, 2021[**]
Pasadena, California

Before: CALLAHAN and IKUTA, Circuit Judges, and BENCIVENGO,[***]
District Judge.
Concurrence by Judge IKUTA

Dr. Rahki Sinha seeks review of the district court's remand of a civil action against her to the state court. Although the scope of our review is limited, we conclude that the district court properly remanded the action to state court because Sinha's removal was premature.

The underlying civil action against Sinha and others was filed in January 2019 in the California Superior Court for Los Angeles. On January 25, Sinha was served through substitute service by mail. Within a week the complaint was delivered to the U.S. Department of Health and Human Services (HHS). It appears, however, that the proffered complaint did not include the state court number or indicate that the complaint had been filed. Additional information was requested and was provided on February 26, 2019.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Cathy Ann Bencivengo, United States District Judge for the Southern District of California, sitting by designation.

On March 4, Sinha removed the case to federal court citing 42 U.S.C. § 233(*l*)(2), 28 U.S.C. § 1442, and 28 U.S.C. § 2679(d)(3). On March 6, the U.S. Attorney for the Central District of California filed a notice pursuant to § 233(*l*)(1) in the state court stating that whether Sinha was "deemed to be an employee of the Public Health Service for purposes of 42 U.S.C. § 233 with respect to the actions or omissions that are the subject of [this] action is under consideration."

On March 27, the United States filed a motion to remand the action to state court. Sinha opposed the motion and filed a motion to substitute the United States as defendant. The district court granted the motion to remand and denied as moot Sinha's motion to substitute. Sinha filed a timely notice of appeal.

Sinha sought removal under two distinct statutes. The first, 42 U.S.C. § 233 provides that for claims for personal injury against certain federal officers and employees based on actions taken within their employment, an action against the United States is the exclusive remedy. Sinha asserted that she was employed by the South Central Family Health Center, which is a federally-funded health center, and was "deemed" a federal employee pursuant to the Federal Supported Health Centers Assistance Act of 1992 (FSHCAA), 42 U.S.C. § 233(g)-(n).

Section 233(*l*)(1) provides that if certain federal entities are sued in a state court, "the Attorney General, within 15 days after being notified of such filing,

shall make an appearance in such court and advice such court as to whether . . . [the defendant] . . . is deemed to be an employee of the Public Health Service for purposes of this section with respect to the actions or omissions that are the subject of such civil action." 42 U.S.C. § 233(*l*)(2) provides that "if the Attorney General fails to appear in State court within the time period prescribed," the federal defendant may petition to remove the case to the appropriate district court.

However, Sinha's motion also sought removal pursuant to 28 U.S.C. § 1442(a)(1), which provides that if a civil action is commenced in state court against a federal officer "for or relating to any act under color of such office," the federal defendant may remove the action to a federal district court.

Although a remand order is a final decision that might otherwise be subject to review on appeal, *see Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 714 (1996), here we are constrained by 28 U.S.C. § 1447(d), which states:

> An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise.

Sinha sought removal under § 233(l)(2) and § 1442(a)(1), and the district court addressed the two statutes separately. But the exception clause of 28 U.S.C. § 1447(d) does not allow us "to conduct plenary review of the district court's remand order." *Cty. of San Mateo v. Chevron Corp.*, 960 F.3d 586, 595 (9th Cir.

4

2020). Instead, we may review the remand order "only to the extent that the order addresses" § 1442 or § 1443. *Id.*; *see also Patel v. Del Taco, Inc.*, 446 F.3d 996 (9th Cir. 2006). We therefore dismiss Sinha's appeal to the extent that it seeks review of the portions of the district court's order concerning § 233(l)(2). *See id.* at 598.

We agree with the district court that Sinha's removal was premature and did not properly invoke the district court's jurisdiction. Section 233(*l*)(1) allows the Attorney General "15 days after being notified" in which to make an appearance in the state court. Here, although Sinha initially informed HHS of the underlying complaint on January 31, she did not provide HHS with critical information until February 26 and the Attorney General appeared in the state court on March 4, well within the 15 days allowed by § 233(*l*)(1).

Sinha argues that the Attorney General did not "appear" in state court because the Attorney General did not definitively advise the court of whether Sinha was considered a federal officer. However, she cites no authority in support of her position, and it is contrary to the statutory scheme and unworkable as a practical matter. Certification of a public health organization under FSHCAA does not necessarily cover all of the organization's employees or all of an employee's activities. Accordingly, a final determination of whether the federal government should represent a particular defendant in a civil action may take more than two

5

weeks. Moreover, Sinha has not shown that either she or the state court was prejudiced or inconvenienced by the Attorney General's statement to the state court that coverage was under consideration.

If allowed, the premature removal of the case to the district court would bypass the Attorney General's initial determination of whether a defendant public health worker should be deemed a federal officer. Providing the Attorney General with the opportunity to consider the issue is a prerequisite to federal jurisdiction. Indeed, the third statute cited in Sinha's removal petition, 28 U.S.C. § 2679(d)(3), provides that where the Attorney General refuses to certify the scope of a defendant's office, the defendant may petition the state court to find that the defendant was acting within the scope of her federal office or employment and that *if* the court so certifies, the Attorney General *may* then remove the case to the appropriate district court. Thus, the district court's jurisdiction is properly invoked only after the Attorney General has had an opportunity to determine whether the defendant is deemed a federal officer.

Because Sinha sought to remove the civil action to the district court before expiration of the time set for the Attorney General to determine whether she would be deemed a federal officer, the removal was premature and the district court's remand of the action to state court is affirmed.

**DISMISSED in part and AFFIRMED in part.**

6

*Sherman v. Sinha*, No. 19-55697
IKUTA, J., specially concurring.

I would dismiss in part and affirm in part. As the majority correctly states, we have jurisdiction to review the remand order only to the extent that it addresses § 1442(a)(1). Maj. at 5. I therefore agree with the majority's dismissal of Sinha's appeal "to the extent that it seeks review of the portions of the district court's order addressing § 233(*l*)(2)." *Id.* Because the majority dismisses this portion of Sinha's appeal, however, the majority errs in nevertheless addressing the question whether the district court was correct in determining that Sinha's removal under § 233(*l*)(2) was premature. *See id.* at 5–6.

Instead, we may review the removal order only to the extent that it addresses § 1442(a)(1). When seeking to remove a case under § 1442, defendants must file a notice of removal within thirty days of receiving, "through service or otherwise, . . . a copy of the initial pleading." 28 U.S.C. § 1446(b)(1); *see also Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1179 (9th Cir. 2015) ("Section 1446(b)(1) permits defendants to remove state-court actions to federal court within thirty days of receiving an initial pleading or other document that reveals a basis for removal."). Here, it is undisputed that Sinha was served on January 25, 2019. Sinha sought to remove this case on March 4, 2019, thirty-eight days later. The notice of removal, to the extent that it was based on § 1442(a)(1), was therefore

untimely. I would affirm the district court's order remanding Sinha's case to state court to the extent that it was removed under § 1442(a)(1).