NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 21 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DORIAN CARTER, | No. 20-55952 |
| Plaintiff-Appellee, | D.C. No. 2:19-cv-03217-MWF-E |
| v. | |
| NATHALEE EVANS, as Claimant to Status of Trustee of the Declaration Establishing the Eugenia M. Ringgold Living Trust Dated February 28, 1997 and to status as Executor of the State of Eugenia M. Ringgold, | MEMORANDUM* |
| Defendant-Appellant, | |
| and | |
| TRACY SHEEN, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted December 14, 2021**

Before:    WALLACE, CLIFTON, and HURWITZ, Circuit Judges.

---

*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Nathalee Evans appeals from the district court's order remanding her case to California Superior Court for lack of subject matter jurisdiction. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's decision to remand a removed case. *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998 (9th Cir. 2006). We may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court's remand of Evans's action to state court was proper because Evans failed to establish that the state court could not enforce her rights and because Evans has not identified a California statute or constitutional provision that purports to command the state court to ignore her federal civil rights. *See Patel*, 446 F.3d at 998-99 (two-part test for removal under 28 U.S.C. § 1443(1)).

We lack jurisdiction to review the portions of the district court's order remanding Evans's action to state court for lack of subject matter jurisdiction because remand for lack of diversity or federal question jurisdiction is not reviewable on appeal. *See* 28 U.S.C. § 1447(d) (an order remanding a case to the state court from which it was removed under 28 U.S.C. § 1441 is not reviewable on appeal).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

20-55952

Evans's request for judicial notice (Docket Entry No. 14) is denied.

**AFFIRMED.**