UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DORIAN CARTER,

          Plaintiff-Appellee,

 v.

NATHALEE EVANS, as Claimant to Status
of Trustee of the Declaration Establishing the
Eugenia M. Ringgold Living Trust Dated
February 28, 1997 and to status as Executor
of the State of Eugenia M. Ringgold,

          Defendant-Appellant,

 and

TRACY SHEEN,

          Defendant.

No. 20-55952

D.C. No. 2:19-cv-03217-MWF-E
Central District of California,
Los Angeles

ORDER

Before:     WALLACE, CLIFTON, and HURWITZ, Circuit Judges.

The panel has voted to deny the petition for panel rehearing.

The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. *See* Fed. R. App. P. 35.

Evans's petition for panel rehearing and petition for rehearing en banc (Docket Entry No. 33) are denied.

The previous disposition, filed on December 21, 2021, is withdrawn. A new

disposition will be filed concurrently with this order.

No further filings will be entertained in this closed case.

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 1 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DORIAN CARTER, | No. 20-55952 |
| Plaintiff-Appellee, | D.C. No. 2:19-cv-03217-MWF-E |
| v. | |
| NATHALEE EVANS, as Claimant to Status of Trustee of the Declaration Establishing the Eugenia M. Ringgold Living Trust Dated February 28, 1997 and to status as Executor of the State of Eugenia M. Ringgold, | MEMORANDUM[*] |
| Defendant-Appellant, | |
| and | |
| TRACY SHEEN, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted December 14, 2021[**]

Before:     WALLACE, CLIFTON, and HURWITZ, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Nathalee Evans appeals from the district court's order remanding her case to California Superior Court for lack of subject matter jurisdiction. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's decision to remand a removed case. *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998 (9th Cir. 2006). We may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court properly remanded Evans's action to state court for lack of subject matter jurisdiction because Evans failed to establish either federal question or diversity jurisdiction, Evans failed to show that the state court could not enforce her rights, and Evans has not identified a California statute or constitutional provision that purports to command the state court to ignore her federal civil rights. *See* 28 U.S.C. §§ 1331, 1332, 1443; *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (requirements of federal question and diversity jurisdiction); *Patel*, 446 F.3d at 998-99 (two-part test for removal under 28 U.S.C. § 1443(1)); *see also BP P.L.C. v. Mayor & City Council of Baltimore*, 141 S. Ct. 1532, 1538 (2021) (when 28 U.S.C. § 1443 is one ground for removal, § 1447(d) permits appellate review of a district court's entire remand order).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Evans's request for judicial notice (Docket Entry No. 14) is denied.

**AFFIRMED.**