**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 16 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PEOPLE OF THE STATE OF
CALIFORNIA,

Plaintiff - Appellee,

v.

RISH INVESTMENTS, INC., a California
corporation,

Defendant - Appellant,

and

GAZI MONIRUL ISLAM,

Defendant.

No. 24-4283

D.C. No.
2:24-cv-03276-CBM-MRW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Consuelo B. Marshall, District Judge, Presiding

Submitted May 12, 2025[**]
Pasadena, California

Before: IKUTA, R. NELSON, and LEE, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Rish Investments, Inc. (Rish) appeals from the district court's order remanding the case to state court. We have jurisdiction under 28 U.S.C. § 1447(d). We affirm.

Rish cannot show that an exception applies to the well-pleaded complaint rule for federal question jurisdiction. *See County of San Mateo v. Chevron Corp.*, 32 F.4th 733, 746 (9th Cir. 2022). The *Grable* exception does not apply, as Rish has not identified a federal issue implicating the Victims of Trafficking and Violence Protection Act of 2000 (TVPA) that is necessarily raised, actually disputed and substantial, and capable of resolution in federal court without disrupting the congressionally approved balance of federal and state judicial responsibilities. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).[1] Among other things, Rish does not argue that any TVPA issue in the complaint is "an essential element of" the complaint's state law claims. *Id.* at 315.

Rish also cannot show that removal was proper under 28 U.S.C. § 1443(1). Rish has neither identified a right bestowed on it by an explicit statutory enactment

---

[1] Before the district court, Rish waived the argument that the TVPA completely preempts state law and warrants federal question jurisdiction. We decline to consider that argument for the first time on appeal. *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

protecting equal racial civil rights, nor pointed to a "formal expression of state law that prohibits [it] from enforcing [its] civil rights in state court," nor provided "anything that suggests that the state court would not enforce [its] civil rights in the state court proceedings." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006), *abrogated on other grounds by BP P.L.C. v. Mayor & City Council of Baltimore*, 593 U.S. 230 (2021).[2]

The district court correctly remanded the case, as it lacked jurisdiction. Therefore, we need not address the parties' arguments regarding the timeliness of Rish's removal, which is not a jurisdictional requirement. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980) (per curiam).

Finally, we affirm, as law of the case, the motions panel's prior ruling denying Rish's motion for an automatic stay pending appeal. *See Hanna Boys Ctr. v. Miller*, 853 F.2d 682, 685–86 (9th Cir. 1988).

**AFFIRMED.**[3]

---

[2] Rish has waived any argument for removal jurisdiction under 28 U.S.C. § 1443(2) by failing to raise it in its opening brief. *See Boardman v. Inslee*, 978 F.3d 1092, 1113 n.12 (9th Cir. 2020).

[3] We deny as moot the People of the State of California's motion for judicial notice, Dkt. No. 20, and motion to expand the record, Dkt. No. 21.